THIRD DEPARTMENT, DECEMBER, 1916.

In the Matter of the Claim of GEORGE BANKS, Respondent, for Compensation under the Workmen's Compensation Law, for the Death of His Son, HARRY BANKS, v. THE ADAMS EXPRESS COMPANY, Employer and Self-Insurer, Appellant.

*Workmen's Compensation Law — injury to driver — fall aggravating disease — death.*

Appeal by The Adams Express Company from an award of the State Industrial Commission, made on the 10th day of April, 1916.

Award affirmed. All concurred, except Lyon, J., who voted in opinion for reversal and to remit the matter to the Commission for a finding as to whether the injury caused the death.

LYON, J. (dissenting): On August 6, 1915, Harry Banks, the deceased, was employed as a helper upon one of the delivery wagons of the Adams Express Company. While engaged in his work about half-past four o'clock in the afternoon he fell from the wagon, striking the side of his head upon a car track, receiving a cut which bled for about half an hour. He was dazed and unable to work the balance of the day, although he rode about on the wagon until he went to the stable about six P. M. The next day he worked from seven A. M. to five P. M., and was not thereafter able to work and remained at his home. On August twelfth a physician was called. On August sixteenth he was taken to the hospital, where he died August 18, 1915. The Commission found that at the time of the accident he was suffering from typhoid fever in the incubation stage, which became aggravated by the severe injury to his head through the consequent lowering of his resisting power, and that such disease thus aggravated caused his death. The claimant, who is the father of the deceased, filed a claim for compensation as a dependent. An award to the father was denied, but was made in favor of the three half-brothers and a half-sister of deceased as dependents. From this award the employer appeals. Unquestionably, the injuries sustained by the deceased were accidental and arose out of and in the course of his employment, and the sole question presented by this appeal is: Was the death of Harry Banks the result of the accident which he sustained? The Workmen's Compensation Law defines the terms "injury" and "death" as follows: "'Injury' and 'personal injury' mean only accidental injuries arising out of and in

the course of employment and such disease or infection as may naturally and unavoidably result therefrom." (§ 3, subd. 7.)* " 'Death' when mentioned as a basis for the right to compensation means only death resulting from such injury." (Id. 8.)* The Commission having found that Harry Banks at the time of the accident was suffering from typhoid fever in the incubation stage, which became aggravated by the injury to his head and that said disease, thus aggravated, caused his death, it cannot be said that the fever which caused his death was a disease or infection which naturally and unavoidably resulted from the accident. The Commission did not find that the injuries which deceased sustained by the fall resulted in his death, but, justified by medical testimony, found that such injuries aggravated the typhoid fever through the consequent lowering of his resisting power. In *Dunham* v. *Clare* (4 W. C. C. [Minton-Senhouse 2d ed.] 102), a case where a workman sustained an accident and in a short time erysipelas supervened from which he died, the County Court judge denied compensation upon the ground that death was not the natural or probable consequence of the accident. Upon appeal the Court of Appeal held that the county judge had misdirected himself and remitted the case for rehearing, saying: "It is a question of fact whether the death did result from the injury caused by the accident. * * * The only material question is whether there has been any break in the chain of causation, whether any new act has intervened between the injury by accident and the subsequent death * * *. Although death might not be a natural and probable consequence of the accident, yet it might be caused by the accident without any new act intervening to break the chain of causation." The medical expert of the Commission stated that the severity of the head injury did not depend upon the consequent loss of blood, for an external wound of the scalp might bleed more extensively than would be found in a fracture of the skull without an external wound. I do not think the case is within the statute making death from disease compensatiable only when the disease naturally and unavoidably results from such injury. The award should be reversed and the matter remitted to the Commission for a finding as to whether the injury caused the death.

---

* See Consol. Laws, chap. 67 (Laws of 1914, chap. 41), § 3, subds. 7, 8.
— [REP.