Before STATE INDUSTRIAL BOARD, Respondent.

ELLEN A. CARR, Claimant, Respondent, *v.* DONNER STEEL COMPANY, Employer, and Another, Appellants.

Third Department, November 15, 1923.

Workmen's compensation — employee who was burned on his back and both forearms was treated at hospital for nearly four weeks and returned to hospital on day of his discharge ill with typhoid fever contracted at hospital — he died from fever about two months thereafter — no causal relation between burns and fever — no competent proof to sustain finding that death was direct result of injuries — award reversed.

An award of death benefits should be reversed where it appears that the decedent suffered burns on his back and on both forearms and was treated in a hospital for approximately four weeks; that he returned to the hospital the same day on which he was discharged, ill with typhoid fever contracted at the hospital; that two months thereafter he died from typhoid fever.

There is no causal relation between the burns suffered by the decedent and the typhoid fever from which he died and there is no competent proof to sustain

the finding as a matter of fact that death was caused by the burns which the decedent received depriving him of the necessary resistance to overcome typhoid fever.

Since the record does not disclose competent legal evidence sustaining the finding made by the Industrial Board the question becomes one of law requiring the reversal of the award.

APPEAL by the defendants, Donner Steel Company and another, from an award of the State Industrial Commission, made on the 5th day of October, 1920, and also from decisions of the State Industrial Board made on the 26th day of October, 1921, and the 12th day of April, 1923, affirming said award.

*Alfred W. Andrews* [*Edward P. Lyon* of counsel], for the appellants.

*Carl Sherman, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondents.

HINMAN, J.:

On July 14, 1919, deceased, Albert A. Carr, received injuries to his back and both forearms in the nature of second and third degree burns while engaged in the regular course of his employment. He was immediately removed to a hospital where he was treated for his injuries until about August tenth when the hospital physician told him he could go home. At that time the burns had sufficiently healed over with healthy scabs to permit him to be treated at home rather than to require hospital treatment. His wounds never became infected. He left the hospital about August tenth but came back in the evening of the same day with symptoms which two days later were diagnosed as typhoid fever from which he died on October eighth. His burns did not continue to heal quite so rapidly after the typhoid set in but he received no further treatments for his burns after August twenty-third. The doctors all agree that the burns could not produce the typhoid. The State Industrial Board has made the following finding: " The second and third degree burns which the deceased received on July 14, 1919, and continuous treatment for the same so debilitated the deceased and so lowered the vitality and resisting power of the deceased, that he was deprived of that degree of resistance necessary to resist the onslaught and attack of the infection of typhoid fever, which did infect him, and from which he died on October 8, 1919; his death being the direct result of the injuries which he sustained on July 14, 1919."

The Industrial Board has found that the period of incubation of typhoid fever is about two weeks and that deceased contracted typhoid fever while being treated in the hospital. There is evidence to sustain this finding. It is undisputed, however, that typhoid

fever is a germ disease taken into the system through the alimentary canal with food or drink taken into the mouth and that the germ could not enter the system at the site of the wound or as the result of the treatments of the wound. In other words, the typhoid fever followed the burns as the merest coincidence, the doctors agreeing that this man's burns did not have anything to do with his contracting the typhoid, except that he contracted the same while being in the hospital for treatment caused by the burns. It has not been held and we think it is going too far to hold that an employer is liable for every disease a man contracts while in a hospital after he has been injured. Some causal relation must be established by competent proof showing that the injury or death through such a disease naturally and unavoidably resulted from the industrial accident. There have been cases of pneumonia and tuberculosis where the evidence has disclosed that the germs of those diseases are always in the body and that those germs more successfully attack the body after a serious accident; that the body becomes more fruitful soil for their multiplication and successful attack upon the body because of the accident. In such cases the diseases of pneumonia and tuberculosis are set up in the body because of the weakened condition due to the accident and the accident becomes a proximate cause of death from the pneumonia or the tuberculosis. In such cases we have been able to see that the Industrial Board could fairly infer from all the facts in the case that a death was directly caused by an industrial accident. It is a medical question which is usually resolved by obtaining a medical opinion ample to sustain the finding of the Industrial Board, that the accident was a proximate cause. In *Banks* v. *Adams Express Co.* (176 App. Div. 916; affd., 221 N. Y. 606) the courts sustained the following finding: "At the time of his accident, Harry Banks was suffering from typhoid fever in the incubation stage, which became aggravated by the severe injury to his head through the consequent lowering of his resisting power, and the said disease thus aggravated caused his death on August 18, 1915." That holding does not necessarily mean that the finding here should be sustained. The question is whether there is competent proof in this case to sustain the present finding as a matter of fact. Our reading of the record does not disclose evidence to sustain the finding of the Industrial Board that the deceased *was* deprived of that degree of resistance necessary to resist the typhoid fever. The sole testimony upon which the Board could have relied to reach that conclusion was the testimony of Dr. Lewy to the effect that " the injury *can* be considered a contributing factor only in causing premature death" in such cases. "A lowered resistance *would*

*possibly* hasten his death.  *  *  *  The burns *may* have been a contributing factor in that they may have made for a lowered resistance." And Dr. Lewy made it clear that that was as far as he was willing to go. Other doctors in the case testified positively that the burns had nothing to do with the typhoid and did not make the man less able to combat the onslaught of the typhoid. One of these physicians stated positively that he thought the deceased died mostly for the reason that he received only about one-quarter of the total amount of food that he required during the course of his typhoid fever. The Industrial Board has accepted the theory unsupported by any positive medical opinion and has discarded the theory supported by positive opinion and in the face of the further facts that the deceased had sufficiently recovered from his burns to leave the hospital by the direction of his physician before he manifested any symptoms of typhoid and that his treatments for his burns were discontinued less than two weeks thereafter, namely, August twenty-third, and that he did not die until October eighth. Surely all of the attendant facts are not sufficient to indicate to the lay mind that the only fair inference to be drawn was that the accident proximately contributed to his death. The State Industrial Board has found as a fact that which Dr. Lewy with all of his medical learning was unwilling to state to be a fact in his opinion. The Board has entered the realm of conjecture and has made an award based upon a bald possibility without any attendant circumstances which, combined with the opinion of Dr. Lewy, could justify an award. " While a material fact may be established by circumstantial evidence, still, to do so the circumstances must be such as to fairly and reasonably lead to the conclusion sought to be established, and to fairly and reasonably exclude any other hypothesis.  *  *  *  In other words, it can only be established by proof of such circumstances as are irreconcilable with any other theory than that the act was done. As has been said: ' Insufficient evidence is, in the eye of the law, no evidence.' " (*Lopez* v. *Campbell*, 163 N. Y. 347, 348.) Since the record here does not disclose competent legal evidence sustaining the finding made, the question becomes one of law requiring a reversal of the award, rather than one of fact, binding upon this court.

The award should be reversed and the claim dismissed, with costs against the State Industrial Board.

COCHRANE, P. J., H. T. KELLOGG, VAN KIRK and McCANN, JJ., concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.