In the Matter of the Claim of HAZEL SHEPPARD, Appellant, against ALBERT J. DEMPS et al., Respondents.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, April 28, 1943.

*Abraham Markhoff* for appellant.

*Floyd Coursen* for respondents.

*Nathaniel L. Goldstein, Attorney-General,* **for respondent** State Industrial Board.

BLISS, J. Section 16, subdivision 4, of the Workmen's Compensation Law provides for payment of benefits to dependent grandchildren of a deceased employee. The infant claimant is an illegitimate child of a daughter of the deceased employee. An award was denied because of claimant's illegitimacy. We are admonished to construe broadly and liberally the statute (*Matter of Petrie,* 215 N. Y. 335) which itself places no qualification or limitation upon the right of a dependent grandchild to death benefits. A " child " is defined by the statute to include an acknowledged illegitimate child dependent upon a deceased. (Workmen's Compensation Law, § 2, subd. 11.) Thus the statute makes no distinction between the dependent children of a deceased employee on the ground of legitimacy. It treats all acknowledged children alike. We fail to find within the statute itself any justification for such a fictitious barrier against a dependent grandchild. Webster's New International Dictionary defines a grandchild as " a son's or daughter's child." This claimant comes within such definition, was a grandchild of decedent regardless of the marital status of his mother and under the Workmen's Compensation Law would have been entitled to death benefits from his mother. (Workmen's Compensation Law, § 2, subd. 11.) The evidence in this case would have sustained a finding that claimant was an acknowledged dependent grandchild of decedent.

The respondents seek analogy in the laws of descent and distribution. There are specific statutory provisions in the Dece-

dent Estate Law as to when an illegitimate child may inherit, but the Workmen's Compensation Law is silent with respect to illegitimacy as affecting the rights of a dependent grandchild to death benefits. Therefore the Decedent Estate Law is no criterion here. In *Matter of Larsen* v. *Harris Structural Steel Co., Inc.* (230 App. Div. 280) we held that an illegitimate stepchild of deceased was entitled to death benefits. The logic of the case applies here with equal strength.

This result is also in accord with the decisions of other jurisdictions. (*Carter* v. *Templeton Coal Co.,* 86 Ind. App. 175; *Community Baking Co.* v. *Reissig,* 164 Md. 17; *Dime Trust and Safe Deposit Co.* v. *Philadelphia & Reading Coal & Iron Co.,* 78 Penn. Super. Ct. 124.)

The decision should be reversed and the matter remitted to the State Industrial Board.

SCHENCK, J. (dissenting). Subdivision 11 of section 2 of the Workmen's Compensation Law defines a child to include " an acknowledged illegitimate child dependent upon the deceased." As a general proposition the word " child " or " descendant " means a legitimate child or descendant. This is clearly so under the statutes of descent and distribution (Decedent Estate Law, §§ 81 and 83) and this court so held. (*Matter of Cady,* 257 App. Div. 129, affd. 281 N. Y. 688.) If there be such an entity, claimant is an illegitimate grandchild. In amending the Workmen's Compensation Law, the Legislature saw fit to extend the benefits to an acknowledged illegitimate child, but made no provision for an illegitimate grandchild or other descendant, whether acknowledged or not.

Until we have further legislation, I cannot find that the statute could be broadened by any decision this court might make to include the illegitimate son of a daughter of the deceased employee. Nor do I believe we can fairly find that this infant claimant was an " acknowledged " descendant, notwithstanding the fact that the deceased employee did provide for his daughter's support and did comply with the orders of the Family Court which required the payment of certain sums of money, some of which undoubtedly was used for the support of the infant claimant.

I dissent and vote to affirm.

HILL, P. J., and HEFFERNAN, J., concur with BLISS, J.; SCHENCK, J., dissents, in a memorandum in which CRAPSER, J., concurs.

Decision reversed and matter remitted to the State Industrial Board, with costs to the appellant against the State Industrial Board.