(No. 4370-

ANNIE L. MARSHALL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 11, 1952.*

SIDNEY S. SCHILLER, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Annie L. Marshall, seeks to recover from respondent under the Workmen's Compensation Act for injuries, which resulted from an accident that arose out of and in the course of her employment as an attendant at the Chicago State Hospital, operated by the Department of Public Welfare. No jurisdictional questions are involved.

On November 13, 1951, an opinion was filed in this case giving claimant a substantial award. On December 7, 1951, respondent filed a petition for rehearing, which was granted on January 8, 1952, and the case was remanded to Commissioner Anderson for the taking of further testimony, after a physical examination of claimant by a doctor of respondent's choosing. The final hearing was had in this case on April 4, 1952. Over twice as much testimony was heard on rehearing as at the original hearing on June 7, 1951.

On July 17, 1950, claimant was assisting in the bathing of a patient, and, when lifting the patient, weighing around 200 pounds, she injured her back by reason of which she was hospitalized thirteen days at the institution's hospital. After returning to work, claimant again injured her back on August 12, 1950, when she slipped and fell on a wet floor.

From the record there is no serious dispute between claimant's and respondent's doctors. By objective and subjective symptoms, and X-Rays, an agreed diagnosis of acute aggravation of pre-existing arthritis in the lumbar region was arrived at. The permanency of such condition of ill being is conceded, and that such con-

dition has rendered claimant permanently and partially disabled is apparent.

Claimant is, therefore, entitled to an award under Section 8 (d) of the Workmen's Compensation Act. In arriving at the amount thereof, the reduced earning capacity of claimant must be determined. *Franklin County Coal Co.* vs. *Ind. Com.*, 398 Ill. 515.

Prior to her accident, claimant earned $135.00 per month, or $1,620.00 on an annual basis. Subsequent to her accident she worked in a candy store, but the record discloses that she was able to work only about three quarters of the time she was supposed to. Her average weekly earnings subsequent to her accident were $27.00 per week, or $1,404.00 on an annual basis. The annual differential in her earning capacity is, therefore, $216.00, or $4.15 per week.

On the date of her accident, claimant was 34 years of age, married, and had four children under 18 years of age dependent upon her for support. The names and ages of such children are Sidney McKennie, 16, Herbert Marshall, Jr., 15, Jesse Marshall, 13, and Delores Marshall, 12. The legitimacy of any of these children is immaterial. *Marshall* vs. *Ind. Com.*, 342 Ill. 400.

Medical services and appliances were furnished, and paid for only in part by respondent. Claimant paid Dr. S. I. Weiner, Chicago, Illinois, the sum of $25.00 for X-Rays and treatments in an attempt to be cured and relieved of the effects of her injuries, but she still owes Dr. Weiner the sum of $65.00.

During her period of hospitalization, claimant was paid her full salary, which in this case exactly equals her rate of compensation of $30.00 per week. However, such payment of $58.50 will have to be credited against the award hereinafter made.

William J. Cleary & Co., Court Reporters, Chicago, Illinois, was employed to take and transcribe the testimony at the hearings before Judge Delaney and Commissioner Anderson. Charges in the amounts of $60.80 and $138.80, respectively, were incurred, which charges are reasonable and customary. An award is, therefore, entered in favor of William J. Cleary & Co. for $199.60.

Under Section 8 (d) of the Workmen's Compensation Act, an award may not exceed a death award, or extend for more than 8 years, or 416 2/7 weeks. Since claimant's differential in earnings per week is $4.15, one-half is, therefore, $2.08, which must be increased by 65%, making a weekly rate of $3.43. Payments for 8 years will not equal a death award, and, therefore, payments hereunder must cease at the end of 8 years.

An award is entered in favor of claimant, Annie L. Marshall, under Section 8 (d) of the Workmen's Compensation Act for permanent partial disability in the amount of $1,427.86, less the sum of $58.50 already paid, or a net award of $1,369.36. In addition, claimant is entitled to awards of $25.00 and $65.00, respectively, for medical expenses paid or incurred by her. These awards are payable as follows:

$25.00, which is payable forthwith to claimant for medical expenses;

$65.00, which is payable forthwith to claimant for the use of Dr. S. I. Weiner for medical expenses;

$340.06, less payments of $58.50 already made, or the sum of $281.56, which has accrued, and is payable forthwith;

$1,087.80, which is payable in weekly installments of $3.43 per week, commencing on June 18, 1952, for a period of 317 weeks, plus one final payment of $0.49.

Jurisdiction of this case is specifically reserved for the entry of such further orders as may from time to time be necessary.

These awards are subject to the approval of the Governor. Ill. Rev. Stat., 1949, Chap. 127, Sec. 180.