In the Matter of the Claim of ROSE RIEHL, Respondent, against TOWN OF AMHERST — DEPARTMENT OF HIGHWAYS et al., Appellants.

WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 22, 1953.

*Percy R. Smith* and *Arthur J. Maloney* for appellants.

*Nathaniel L. Goldstein, Attorney-General* (*Roy Wiedersum* and *Harry Pastor* of counsel), for Workmen's Compensation Board, respondent.

*Robert J. Lansdowne* for claimant-respondent.

HALPERN, J. This is an appeal by the employer and its workmen's compensation insurance carrier from an award of death benefits.

The question here presented is whether the heart condition, from which the decedent suffered as the result of an occupational injury, was a contributing factor in causing his death. The decedent was injured on September 30, 1941, when he fell from a ladder while engaged in trimming a tree as an employee of the appellant town. The board found that as a result of this accident, the decedent developed a causally related myocardial insufficiency and became permanently partially disabled. Compensation was accordingly paid to the decedent up to the time of his death on May 1, 1951.

About two years before his death, it was discovered that the decedent was suffering from cancer of the rectum. This disease was the primary cause of his death. However, the attending physician testified that, in his opinion, the chronic heart condition hastened the decedent's death and was a contributing cause of his death. He testified that " the infection from the carcinoma " produced a high temperature which caused a strain upon the decedent's weakened heart. This combined with the direct effects of the cancer to cause the decedent's death at a time earlier than it would have been caused in the case of a person with a normal heart.

The attending physician conceded, and it is undisputed, that the weakened heart condition was not in any way related to

the genesis of the cancer or to its development. It therefore follows that, if the sole cause of the decedent's death at the time when it occurred was the cancer, no award could properly be made against the appellants on account of the death.

However, there was substantial evidence upon which the board was justified in finding that the decedent's death was hastened by the heart condition and that it was a contributing factor in causing the death to occur at the time that it did.

Even if we carry over to the statutory problems arising under the Workmen's Compensation Law, the subtle doctrines of proximate cause developed at common law, the doctrinal requirements seem to be satisfied here, upon the basis of the facts found by the board. The chronic heart condition was one of the operative causes of death at the time that it occurred. The fact that it combined with other causes to produce the result does not make it any the less culpable (2 Restatement, Torts, §§ 431, 432). Nor does the fact that the cancer would have ultimately resulted in the decedent's death, even if he had had a normal heart, affect the liability of those responsible for the heart injury. It could be argued with equal force that the heart injury would ultimately have resulted in the decedent's death, even if he had not become afflicted with cancer; in that event, the widow would unquestionably have been entitled to death benefits. The fact is that both the heart injury and the cancer contributed in varying degrees to the decedent's death. '' In such a case death is owing to two concurring causes, disease and violence, neither of which would have caused death when it occurred without aid from the other. One cause may be more efficient than the other, yet unless acting alone it would have resulted in death, not in the future, but when death actually came, it is not of itself the [sole] proximate cause.'' (*McCahill* v. *New York Transp. Co.*, 201 N. Y. 221, 229, VANN, J.).

Once it is found that the heart injury hastened the death by a perceptible period of time, whether by a day, a week or a month, the basis of liability for the death is established, and there was substantial evidence upon which the board had the right to find that the death had been so hastened (*McCahill* v. *New York Transp. Co.*, 201 N. Y. 221, *supra*; *People* v. *Lewis*, 124 Cal. 551; 40 C. J. S., Homicide § 11; cf. *People* v. *Kane*, 213 N. Y. 260).

The case of *Carr* v. *Donner Steel Co.* (207 App. Div. 3, 5–6) relied upon by the appellants, is distinguishable. In that case there was no proof that the prior occupational injury had hastened the decedent's death. The medical testimony was

only to the effect that it " *would possibly* hasten his death " (italics by the court in the *Carr* case).

The decision and award should be affirmed, with costs to the Workmen's Compensation Board.

FOSTER, P. J., BERGAN, COON and IMRIE, JJ., concur.

Decision and award affirmed, with costs to the Workmen's Compensation Board. [See *post,* p. 838.]