In the Matter of the Claim of Conrad Stoehrer et al., Respondents, against Samuel Lampert et al., Appellants. Workmen's Compensation Board, Respondent.

Third Department, December 16, 1954.

*Bernard F. Farley* for appellants.

*Sidney Neubauer* for claimants-respondents.

*Nathaniel L. Goldstein, Attorney-General* (*Gilbert M. Landy* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

IMRIE, J. Workmen's Compensation Board awarded death benefits to the widowed father and four-year-old half sister of the deceased employee. On this appeal employer and its insurance carrier raise the issues that the evidence does not establish dependency and that, in any event, the infant, the acknowledged illegitimate daughter of decedent's father, does not qualify as a dependent within the meaning of the law.

Deceased, twenty-nine years of age, was unmarried. He lived with his father, a stepsister, two sisters of the full blood, and the infant whose status is in question. His father received a weekly wage of $32. The stepsister, stated to be mentally incompetent, kept house, purchased the food, and paid the bills. One sister had part-time employment, contributing three or four dollars weekly to the family expenses. The other sister was in school and made no contribution. Deceased contributed $35 weekly to the family upkeep. He had purchased a washing machine for the home and had paid for the headstone for his mother's grave, because his father lacked the necessary funds to do so. Before his son's death, the father had no debts. Thereafter he contracted debts and was several months behind in rent payments. The record indisputably establishes the factual dependency of the father and said infant.

No one questions the truth of claimant father's acknowledgment of paternity of the infant or that she was a recognized member of the family. Appellants accept her status and refer to her relationship to decedent as " that of illegitimate half-sister, if there be such." She was his sister of the half blood and thus qualifies for death benefits under the provisions of subdivision 4 of section 16 of the Workmen's Compensation Law. The statute makes no distinction between brothers and sisters of the whole and of the half blood. (*Matter of Banks* v. *Adams Express Co.*, 176 App. Div. 916, affd. 221 N. Y. 606; *Matter of Bylow* v. *St. Regis Paper Co.*, 179 App. Div. 555.)

The statutory purpose is to prevent injured employees and their dependents from becoming objects of charity. (*Matter of*

*Post* v. *Burger & Gohlke,* 216 N. Y. 544, 553.) It is unconscionable to hold that one otherwise entitled to benefits by virtue of relationship to and dependency on a deceased employee should be barred because of the accident of birth out of wedlock. Chapter 705 of the Laws of 1917 amended subdivision 11 of section 3 (now § 2) of the Workmen's Compensation Law to include illegitimates in the definition of children. Turning from consideration of the statutory protection of children to that of other relatives, it is to be noted that dependent brothers and sisters are closely juxtaposed with grandchildren in subdivision 4 of section 16. In a case allowing death benefits to the illegitimate child of a daughter of a deceased employee (*Matter of Sheppard* v. *Demps,* 266 App. Div. 45, 46), this court, having commented on the definition of a " child ", said, " Thus the statute makes no distinction between the dependent children of a deceased employee on the ground of legitimacy. It treats all acknowledged children alike. We fail to find within the statute itself any justification for such a fictitious barrier against a dependent grandchild." Nor is there any justification in the statute for such a barrier against a dependent half sister not born in wedlock.

The decision and award should be affirmed, with costs to Workmen's Compensation Board.

FOSTER, P. J., COON, HALPERN and ZELLER, JJ., concur.

Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board.