In the Matter of the Claim of Timothy Bamberg, Respondent, against Irving's Auto Repair Shop et al., Appellants. Workmen's Compensation Board, Respondent.

Third Department, March 14, 1957.

*Bernard F. Farley* for appellants.

*Jackson & Simon* for claimant-respondent.

*Louis J. Lefkowitz, Attorney-General* (*Gilbert M. Landy* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

Foster, P. J. An employer and its carrier appeal from a decision and award of the Workmen's Compensation Board awarding death benefits to claimant as a partially dependent father of a deceased employee.

Claimant is a tenant farmer who lives in very poor circumstances on a 10-acre farm in South Carolina. He asserted that the decedent, who died from injuries arising out of an industrial accident in New York State, was his illegitimate son. Two issues are presented in the case: (1) whether the dependent parent of an acknowledged illegitimate child is a dependent parent entitled to death benefits under the Workmen's Compensation Law: (2) whether the board had substantial evidence before it to support a finding of partial dependency.

Under the statute a " child " includes an " acknowledged illegitimate child dependent upon the deceased " (Workmen's Compensation Law, § 2, subd. 11), and hence awards of death benefits to dependent illegitimate children have been approved (*Matter of Larsen* v. *Harris Structural Steel Co.,* 230 App. Div. 280; *Matter of Sheppard* v. *Demps,* 266 App. Div. 45, appeal dismissed 291 N. Y. 773; *Matter of Stoehrer* v. *Lampert,* 285 App. Div. 85, motion for leave to appeal denied 308 N. Y. 1051). But the converse of this proposition is not provided for in the statute, nor is there any case in this State which so holds.

The statute which provides for dependent parents (Workmen's Compensation Law, § 16, subd. 4) merely uses the word " parent ", and has no definition to include the parent of an illegitimate child. In view of the fact that the same statute specifically states that a " child " shall include an "acknowledged illegitimate child dependent upon the deceased " would seem to indicate that the absence of a parallel definition of " parent " to include the parent of an illegitimate child excludes such a person, at least so far as a father is concerned. This view is somewhat supported by a trend in other statutes of this State which rather isolate the father from an illegitimate child. For instance, under the Decedent Estate Law (§ 83, subd. 7) the mother, not the father, inherits from an illegitimate child, and such a child inherits from its mother if she leaves no lawful issue (§ 83, subd. 3). The Domestic Relations Law (§ 111, subd. 3) requires the consent of the natural mother but not of the natural father for the adoption of an illegitimate child.

With these signposts as to legislative intent the argument that the term " parent " should include the father of an illegitimate child unless he is specifically excluded by statute is not convincing. While research has not revealed any case in this State dealing directly with the question there are cases outside of this jurisdiction which hold that an award of death benefits may not be made to the father of an illegitimate child in the absence of statutory authority, and that the terms " parent "

or " father " alone do not embrace the father of an illegitimate child (*American Gen. Ins. Co.* v. *Alexander,* 216 S. W. 2d 997 [Tex.]; *Marshall* v. *Industrial Comm.,* 342 Ill. 400; *Coakley* v. *Tidewater Constr. Co.,* 194 S. C. 284).

We reach the conclusion, as a matter of law, that claimant was not a dependent within the meaning of the statute. In view of this conclusion it is unnecessary to discuss the quantum of proof as to actual dependency.

The decision and award should be reversed and the claim dismissed, with costs to appellants against the Workmen's Compensation Board.

BERGAN, COON, HALPERN and GIBSON, JJ., concur.

Decision and award reversed and claim dismissed, with costs to appellants against the Workmen's Compensation Board.