■ In the Matter of the Claim of WILLIE M. THOMPSON, Respondent, v. THOMASHOFF PRESS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board filed July 26, 1967 which awarded benefits to the claimant. The sole issue before the board and the court is whether or not the infant claimant is the "child" of the deceased·employee as defined in subdivision 11 of section 2 of the Workmen's Compensation Law, to wit: "acknowledged illegitimate child dependent upon the deceased." The appellants concede that the infant is the "acknowledged illegitimate child" of the decedent and question only whether the child is "dependent upon the deceased". The infant was born after the date of the accident and before the death of the employee. Being born after the date of the accident does not preclude a finding of dependency, since the Workmen's Compensation Law does not require that children be dependent as of the time of the accident. (See *Matter of Schechter* v. *State Ins. Fund*, 24 A D 2d 313, 315; *Matter of Shulman* v. *New York Bd. of Fire Underwriters*, 15 A D 2d 700.) The record shows that the primary support of the infant as of the deceased's death was from welfare payments. The testimony of the

mother indicates that some moneys had been contributed by the decedent. The issue is whether the infant should continue to be supported by the Welfare Department when his father has died as the result of a compensable industrial accident. The appellants argue that the infant was not "dependent" upon the father because the welfare payments were ample for his support; the payments by the father being minimal. In *Matter of Hunter* v. *Goodstein Bros.* (2 A D 2d 387, 390), this court held that "if there be no evidence at all on the subject of dependency, an acknowledged illegitimate child of the age of four years would be presumed to be dependent upon the father". The court went on to hold that the presumption as to infants of a tender age might be overcome if the board, upon substantial evidence, should find the infant not to be dependent. Accordingly, the finding of dependency by the board is correct as a matter of law unless proof of welfare contributions can be sufficient to overcome the presumption. In *Matter of Post* v. *Burger & Gohlke* (216 N. Y. 544, 553), the court stated: "The act was passed pursuant to a widespread belief in its value as a means of protecting workingmen and their dependents from want in case of injury when engaged in certain specified hazardous employments. It was the intention of the legislature to secure such injured workmen and their dependents *from becoming objects of charity*, and to make reasonable compensation for injuries sustained or death incurred by reason of such employment a part of the expense of the lines of business included within the definition of hazardous employments as stated in the act." (Emphasis added.) (See, also, *Matter of Stoehrer* v. *Lampert*, 285 App. Div. 85, 86.) Evidence of welfare payments on behalf of an infant does not establish nondependency within the meaning of the definition of "child" in subdivision 11 of section 2 of the Workmen's Compensation Law. (Cf. *Matter of Department of Mental Hygiene* v. *Consolidated Constr. Co.*, 280 App. Div. 652, 654.) We note that the aid to dependent children provided by article 5 of the Social Services Law (§ 343 *et seq.*) does not purport to make eligible children the dependents of the welfare agencies, but appears to depend upon the child being dependent upon someone who either is unable or fails to support such child. The welfare agency, due to the inability of the principal — father — to support or aid the dependent child, accepts the responsibility of furnishing aid. Presently, the happening of an industrial accident and the resulting death automatically entitles a dependent child to monetary benefits under the Workmen's Compensation Law which, to the extent of the benefits to be received, relieved the welfare agency of its continuing aid to the dependent child. Decision affirmd, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Cooke, JJ., concur in memorandum by Herlihy, J.