In the Matter of the Claim of SALLY HAGLEY, Respondent, *v.* BROWNS OF BELLPORT et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, October 31, 1974.

*Weeks & Corn* (*Alan R. Corn* of counsel), for appellants.

*Yannacone & Yannacone* for Sally Hagley, respondent.

*Louis J. Lefkowitz, Attorney-General* (*Jorge L. Gomez* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

STALEY, JR., J. The sole issue on this appeal is whether the board properly awarded benefits to Laurel Ann Vaughn, arising out of the death of Arthur Hagley, a covered employee who died as a result of a compensable accident.

In June, 1962 the decedent commenced living with Sally Vaughn who, at the time, was the mother of Laurel Ann Vaughn. There is no proof in the record of the identity of the father of Laurel. The decedent, Sally and Laurel lived in the same household from June, 1962 until December 21, 1967, the date of Arthur's death. There was no legal marriage between decedent and Sally, although they had a common child during the period, namely, Delia Marie Hagley.

In his last will and testament, Arthur Hagley declared "In the event my wife, Sally Vaughn Hagley should predecease me * * * I give * * * all of my property * * * unto my beloved children, Laurel Ann Vaughn and Delia Marie Hagley to share and share alike."

Laurel Ann Hagley claims that she is entitled to death benefits as a dependent child within the meaning of the Workmen's Compensation Law, and the board so held and awarded benefits to her on the ground that the decedent " in effect treated Laurel Ann Vaughn as a stepchild." Subdivision 11 of section 2 of the Workmen's Compensation Law defines " child " as follows: "' Child ' shall include a posthumous child, a child legally adopted prior to the injury of the employee; and a step-child or acknowledged illegitimate child dependent upon the deceased."

In order for Laurel to be entitled to benefits, she must be either a " stepchild " or an " acknowledged illegitimate child dependent upon the deceased " within the meaning of the statute. Since the decedent and Laurel's mother were never legally husband and wife, Laurel cannot attain the status of a stepchild. It has repeatedly been held that the relationship of stepchild to a parent depends upon the legal marriage of the parent of the child with such parent's spouse. A stepfather is a man who is the husband of the child's mother, but is not the child's father. Laurel was not a stepchild of the decedent. (*Matter of Schechter* v. *State Ins. Fund*, 24 A D 2d 313, affd. 18 N Y 2d 767;

*Matter of Larsen v. Harris Structural Steel Co.*, 230 App. Div. 280; *Jones v. Jones*, 161 Misc. 660.)

Respondent further contends that even if Laurel was not decedent's stepchild, she is entitled to benefits as an " acknowledged illegitimate child dependent upon the deceased ". However, assuming that Laurel is an illegitimate child, she would be the illegitimate child of Sally Vaughn Hagley, and not of the decedent. It is clear that in order to be entitled to benefits as an acknowledged illegitimate child, you have to be the illegitimate child of the covered employee, in this case the decedent, Arthur Hagley. (*Matter of Kluss v. Levene's Son*, 269 App. Div. 801, mot. for lv. to app. den. 269 App. Div. 912; *Matter of Sheppard v. Demps*, 266 App. Div. 45.) The award of benefits to Laurel Ann Vaughn must be reversed.

The decision should be reversed, and the matter remitted for further proceedings not inconsistent herewith, without costs.

HERLIHY, P. J., SWEENEY, MAIN and REYNOLDS, JJ., concur.

Decision reversed, and matter remitted for further proceedings not inconsistent herewith, without costs.