Knoxville Gray Eagle Marble Company, Gray Eagle Marble Co. and United States Casualty Company v. Ira Martin Meek.

(*Knoxville.* September Term, 1929.)

Opinion filed November 16, 1929.

JAMES E. ATKINS, JR., and LINDSAY, YOUNG & YOUNG, for plaintiff in error.

J. A. GOODFRIEND, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

This is a workmen compensation suit instituted by Ira Martin Meek. Judgment was entered in her favor for $5 per week for 400 weeks. The petitioner alleges that she was wholly dependent for support upon John Pete Martin when he met his death accidentally while in the employ of the Marble Company. The determinative question is whether petitioner comes within the provisions of the act. Her relationship to the deceased is thus stated in her petition:

"The petitioner would show that she was the aunt and stepmother of the deceased, John Pete Martin, and explains this in the following manner: John Pete Martin was the illegitimate child of Fanny Martin, and Joe Lundy. The petitioner was a sister of Fanny Martin, the mother of the deceased, John Pete Martin. That when John Pete Martin was about two years old, his mother, Fanny Martin, died, and his aunt, the petitioner, took him to raise. The petitioner's name at this time was Ira Martin. When John Pete Martin was about three years old, his aunt, the petitioner married his father, Joe Lundy. Ira Martin and Joe Lundy were married in the year 1900, and John Pete Martin, the deceased, continued to live with his aunt after her marriage to

his father. About a year after Ira Martin married Joe Lundy, they were divorced in Knox County, Tennessee. John Pete Martin, who at that time was something over four years of age, continued to live with his aunt, the petitioner, who was also now his stepmother. The petitioner after her divorce from Joe Lundy married one Meek, whom she continued to live with until his death some nine years ago, and she has not since remarried. John Pete Martin continued, without interruption, to live with the petitioner, his aunt and stepmother, from the time that she took him to raise when he was two years old until his death some twenty-seven years after. John Pete Martin being approximately twenty-nine years old at the time of his death due to the accident above referred to.''

The deceased was not a stepson of petitioner because he was not the legal son of her divorced husband, Joe Lundy.

The word "stepson" is thus defined in 36 Corpus Juris, 1276: ''The child of a wife or husband by a former marriage.''

It was said in *Lipham* v. *State* (Ga.), 114 Am. St. Rep., 181, that the word is so defined with unanimity by dictionaries and textbooks.

The deceased was not a child of Joe Lundy by a former marriage. Hence he was never the stepson of petitioner. This being true, it is not necessary to decide the question as to whether the relationship of stepson and stepmother is terminated when the father and stepmother are divorced.

The petitioner was, however, the aunt of deceased, and it is insisted that a dependent aunt is entitled to

compensation under the act. Those entitled to compensation are enumerated in section 30 of the act as follows:

"That for the purposes of this Act, the following described persons shall be conclusively presumed to be wholly dependent:

"(1) A wife, unless it be shown that she was voluntarily living apart from her husband at the time of his injury and minor children under the age of sixteen years.

"(2) Children between sixteen and eighteen years of age, or those over eighteen, if physically or mentally incapacitated from earning, shall, *prima facie,* be considered dependent.

"(3) Wife, child, husband, mother, father, grandmother, grandfather, sister, brother, mother-in-law, and father-in-law who were wholly supported by the deceased workman, at the time of his death and for a reasonable period of time immediately prior thereto shall be considered his actual dependents, and payment of compensation shall be made to them in the order named.

"(3a) Any member of a class named in subdivision (3) who regularly derived part of his support from the wages of the deceased workman at the time of his death and for a reasonable period of time immediately prior thereto shall be considered his partial dependent, and payment of compensation shall be made to such dependents in the order named."

It will be observed that no provision is made for a dependent aunt.

Counsel for petitioner relies upon the decisions of this court extending the provisions of the act to a stepchild, a grandchild, an adopted child, and particularly relies upon *Portin* v. *Portin,* 149 Tenn., 530, where an illegitimate child was awarded compensation. It will be noted that

in all of these cases the awards were to some kind of dependent children. In the opinion in the Portin case the court analyzed section 30 of the act as providing for three classes of children, and with respect to the third class said:

"The conclusion, therefore, seems inevitable that it was intended by subsection 3 and subsection 3a to provide for a class of children, not necessarily his legitimate offspring, but children supported by the deceased workman at the time of his death, either wholly or in part. We think his illegitimate child, or perhaps his adopted child, might be in this class."

The court in neither of these cases undertook to extend the act to others than those specified in the act, but construed the legislative intent to be to include dependent children other than those who are legitimate. We find nothing in the act that would authorize us to extend it to aunts. If we should do this, it would logically follow that all dependents, regardless of age or relationship, would be entitled to its benefits. If this had been the intention of the Legislature, it would not have specified those persons who were entitled to compensation. While we have given the act a liberal construction with respect to those coming within the classes enumerated, we cannot extend its provisions to classes not named therein.

It results that the judgment of the trial court will be reversed and the suit dismissed.