In the Matter of the Claim of RAGNA LARSEN, Respondent, against HARRIS STRUCTURAL STEEL Co., INC., Appellant. STATE INDUSTRIAL BOARD, Respondent.

Third Department, June 27, 1930.

*Hulbert & Heermance* [*Clayton J. Heermance* of counsel], for the appellant.

*Hamilton Ward, Attorney-General* [*E. C. Aiken, Assistant Attorney-General*, of counsel], for the respondent State Industrial Board.

*Louis H. Pink* [*Jerome C. McDonough* of counsel], for the respondent Ragna Larsen.

HILL, J. This death award is made to Ragna Larsen, the widow, and Ingred Larsen, described as a " minor child." The appeal is from the entire award, but appellant's brief concedes that the widow is entitled to compensation. Ingred is a " child born out of wedlock " (Gen. Const. Law, § 59) to the widow. Decedent was not her father. The Workmen's Compensation Law gives a stepchild the same status as a child. (§ 2, subd. 11.) The appellant cites *Citizens' Street R. Co.* v. *Cooper* (22 Ind. App. 459; 53 N. E. 1092, 1094) to sustain its contention that Ingred being born out of wedlock, the subsequent marriage to the decedent did not establish the relation of stepchild and stepfather. Bouvier and Webster define stepdaughter as " The daughter of one's wife by a former husband, or of one's husband by a former wife." But Webster, somewhat inconsistently, defines " step:" " A prefix used before father, mother, brother, sister, son, daughter, child, etc., to indicate that the person thus spoken of is not a blood relative, but is a relative only by the marriage of a parent." The Century Dictionary and 36 Cyc. p. 1275, each define stepfather as " A man who is the husband of one's mother, but is not one's father."

Decedent's relation to Ingred arose from and depended upon his marriage to her mother and not at all upon any other ancestral fact. Ingred's mother owed her the same obligation of support and care as if she had been born in wedlock. (Inferior Crim. Cts. Act, § 35-b.)▮ If she became a poor person, her place of settlement was with her mother. (Public Welfare Law, § 55, subd. 2.) If either had died, the survivor would have inherited unbequeathed property. (Dec. Est. Law, § 89.) The mutual obligations and privileges between this mother and daughter are substantially the same as if the child had been born in wedlock. When the decedent married the mother, his relation to Ingred was not different from what it would have been had the child been born in wedlock. She was his stepchild.

The award should be affirmed, with costs to the State Industrial Board.

VAN KIRK, P. J., HINMAN, DAVIS and WHITMYER, JJ., concur.

Award affirmed, with costs to the State Industrial Board.