## MARCELLA LUNCEFORD v. FEGLES CONSTRUCTION COMPANY AND ANOTHER.[1]

December 18, 1931.

No. 28,616.

[1]Reported in 239 N. W. 673.

*William M. Wood,* for relator.

*Sanborn, Graves & Andre* and *J. N. Morton,* for employer and Liberty Mutual Insurance Company, its insurer, respondents.

DIBELL, J.

In a proceeding under the workmen's compensation act the industrial commission awarded compensation to Charles C. Smith for the death of his father, Charles Smith, and denied compensation to the relator, Marcella Lunceford. This writ of certiorari is to review its order. The writ was served upon the employer and the insurance company and upon Charles C. Smith, to whom the award was made.

Marcella Lunceford was the illegitimate child of Ella Frances Lunceford. She was born on August 19, 1918. On July 17, 1924, Ella Frances Lunceford married Charles Smith. Of this marriage there was born Charles C. Smith on June 22, 1925. Mrs. Smith died in June, 1929. Smith was killed in September, 1929, while in the employ of the defendant construction company. Mr. and Mrs. Smith lived together with the two children from the time of their marriage. The child Marcella was one of the family with the boy Charles and a part of the family group.

About the first of January, 1929, the mother went to the state sanitarium at Walker for treatment for tuberculosis. It was not contemplated that her stay would be long, perhaps three months. She died in the June following. When she went to the hospital the child Marcella went to the home of her maternal grandfather, Ben Lunceford, at Long Prairie and stayed with him. When there she received partial support from Smith. The boy Charles C. went

to the home of a sister of his father in Minneapolis. Smith went to Walker, apparently working there to the extent he could, until his wife's death in June. On September 29, 1929, when working for his employer, the defendant construction company, in Minneapolis, he was killed. No question is made as to the right of Charles C. Smith to compensation. The defendants contest the right of Marcella.

By the compensation act, G. S. 1923 (1 Mason, 1927) § 4275, "minor children under the age of sixteen years" are conclusively presumed to be wholly dependent, and children older than that may be considered dependent.

Section 4326 (b) defines child as follows:

" 'Child' or 'children' shall include posthumous children and all other children entitled by law to inherit as children of the deceased, also stepchildren who were members of the family of the deceased at the time of his injury and dependent upon him for support."

The question is whether the child Marcella is a stepchild and member of the family of the deceased and dependent upon him for support. The term "stepchild" by general definition is the child by a former marriage of either the husband or the wife. This is not a universal definition; it is the general one. Marcella does not come within it. She was a member of the family of the deceased. The deceased had assumed the obligation of support from the time of his marriage to her mother. She was a member of his family and dependent upon him. He and his wife and the two children constituted the family group. The girl and the boy had the same treatment. The decedent was attached to both. The girl considered him her father. She was held out as his daughter. The neighbors quite generally at least supposed they were the children of the two. The decedent supported them in fair comfort; though in a humble way, until his wife was afflicted with tuberculosis. Then the family became separated, but the separation was intended to be temporary.

The compensation act is construed liberally. It is not a statute of descent and distribution. Compensation is not by way of inheritance. Its purpose is to give relief to designated dependents of one killed in industry. The child Marcella should be construed to be a stepchild of the deceased; and the evidence requires a holding that she was a member of his family and dependent upon him for support.

The compensation acts differ. The case of Larsen v. Harris S. S. Co. 230 App. Div. 280, 243 N. Y. S. 654, 655, is direct authority. The compensation act of New York, there involved, art. I, § 3 (11), is as follows:

" 'Child' shall include a posthumous child; a child legally adopted prior to the injury of the employee; and a step-child or acknowledged illegitimate child dependent upon the deceased."

The court under facts not distinguishable from those here said [230 App. Div. 281]:

"Decedent's relation to Ingred arose from and depended upon his marriage to her mother and not at all upon any other ancestral fact. Ingred's mother owed her the same obligation of support and care as if she had been born in wedlock. (Inferior Crim. Cts. Act, § 35-b.) If she became a poor person, her place of settlement was with her mother. (Public Welfare Law, § 55, subd. 2.) If either had died, the survivor would have inherited unbequeathed property. (Dec. Est. Law, § 89.) The mutual obligations and privileges between this mother and daughter are substantially the same as if the child had been born in wedlock. When the decedent married the mother, his relation to Ingred was not different from what it would have been had the child been born in wedlock. She was his stepchild."

The defendants cite Knoxville G. E. M. Co. v. Meek, 159 Tenn. 577, 21 S. W. (2d) 625. It is not of great importance in a consideration of the case before us. The court however defined "stepson" in harmony with the general definition noted of a "stepfather." We do not find that the word "stepson" or "stepfather" is used in the

Tennessee act. Acts 1919, c. 123, § 30. Compensation in the Meek case was not sought on behalf of a dependent child. The Tennessee decisions would support an award to Marcella basing it upon dependency and not upon relationship. Memphis Fertilizer Co. v. Small, 160 Tenn. 235, 22 S. W. (2d) 1037; Portin v. Portin, 149 Tenn. 530, 261 S. W. 362. The construction of § 30, subds. 1, 2, 3, and 3a, is given in these cases. We are satisfied with the holding of the New York case under a statute so like ours.

There should be an award of compensation to Marcella. We have noted that the child Charles C. was a party to the writ. The allowance to be made is under G. S. 1923 (1 Mason, 1927) § 4275. The order is modified, and the proceeding is remanded for the entry of an award in accordance with the views expressed.

An attorney's fee in this court of $100 is allowed.

Order modified.

