Plaintiff brought this suit to recover compensation in the sum of $6000 representing compensation in weekly payments of $20 for 300 weeks in her own behalf and on behalf of her two illegitimate minor children, less the amount already paid. She alleges that her husband, Anderson Dangerfield, was killed on April 6, 1943, while working for Blaw-Knox Construction Company in Baton Rouge; that the defendant carried the compensation insurance for said employer, and has been paying her compensation at the rate of $14.58 per week since the accident, being 32 1/2 per cent of his weekly wage at the time of the accident, but defendant refuses to pay the full compensation of $20 per week for herself and her two minor children to which she and they are entitled on the basis of 65% of his weekly wage. She alleges that her two minor children were born before her marriage to her deceased husband; that the deceased was not their father but each of them was born out of wedlock from different fathers, but she alleges that they are the legitimate stepchildren of the deceased, and under the definition of "child" or "children" given in Section 8, subsection 2 (H), of the Compensation Law, Act No. 20 of 1914, as amended, Act No. 242 of 1928, p. 360, these minors are dependents of the deceased and entitled to recover compensation under said subsection, paragraphs (D) and (E).
The defendant filed an exception of want of capacity in plaintiff to represent the two illegitimate minors for the reason that she was not appointed or qualified as their tutrix. This exception was overruled. The defendant also filed an exception of no cause or right of action insofar as plaintiff sought to recover compensation on behalf of said two minors. Also exception of prematurity and no cause or right of action as to plaintiff's claim on her own behalf *Page 599 
for the reason that she was being paid the full amount of compensation to which she is entitled under the law. The court sustained the exception of no cause and no right of action as to plaintiff's claim on behalf of her two minor children, and also sustained the plea of prematurity as to her individual claim, and accordingly dismissed the suit.
Plaintiff appealed, and the defendant answered the appeal asking that the judgment be affirmed; or, in the alternative, that the judgment be amended by sustaining the exception of lack of capacity on the part of plaintiff to represent the minors without qualifying as their tutrix, and by sustaining the exception of no cause and no right of action on the part of plaintiff as to her individual claim.
It seems to be conceded that the exception of prematurity or the exception of no cause or right of action on the part of plaintiff to prosecute the suit in her own behalf was properly sustained as she is being paid all the compensation to which she is entitled as surviving widow. It is immaterial whether this exception should have been designated as one of prematurity or one of no cause and right of action, insofar as this suit is concerned as the result is the same.
The principal questions presented in the case are those raised in the exception of lack of capacity on the part of plaintiff to represent the two minors without qualifying as their natural tutrix, and the exception of no cause or right of action involving the right of these two minors to collect compensation on account of the death of deceased. Obviously, if they have no such right there is no occasion to pass on the other exception.
Subsection 1 of Section 8 of the Compensation Law, Act No. 20 of 1914, as amended from time to time, fixes the amount of compensation an injured employe is entitled to recover for an injury received in the course of his employment, and subsection 2 of this section designates the dependents of the employe who are entitled to compensation in case of his death within one year after the accident, and fixes the amount of this compensation and prescribes the conditions under which it is to be paid and terminated. The subsection provides that the dependent shall be a legal dependent of the deceased employe, and must be wholly or partially dependent on the deceased employe at the time of the accident and death. Certain persons are presumed to be dependent on the deceased employe without any proof to that effect, including a child or children under the age of eighteen years. It is provided that the term "child" or "children" shall cover only legitimate children, stepchildren, posthumous children, adopted children and illegitimate children acknowledged under the provisions of Civil Code, Articles 203, 204, and 205.
The theory on which plaintiff seeks to recover compensation on behalf of her two minor children is that they were the stepchildren of her deceased husband, although, as shown by her petition, they were never acknowledged by her. It is contended that there is no requirement that stepchildren should be legitimate children born of a former marriage of the mother, or that such children should have been acknowledged by her in accordance with the Civil Code if they are illegitimate; that the provision in paragraph (H) of the subsection referring to illegitimate children acknowledged under the mentioned articles of the Code has reference to the illegitimate children of the deceased employe.
It is true that when the deceased married the plaintiff, who then had these illegitimate children by other and separate fathers, these children became a part of his family, and he supported them as he would have supported them had they been legitimate children of his wife by a former marriage.
After a careful consideration of the matter, we have reached the conclusion that the illegitimate child of an employe's wife is not his stepchild within the meaning of paragraph (H) of subsection 2 of Section 8 of Act No. 20 of 1914, as amended, and such child is not entitled to recover compensation as a dependent on the death of the employe. It cannot be contended that such a child is a legal dependent of the deceased employe. The dependents entitled to recover compensation under subsection 2 aforesaid are those who bear some legal relationship to him, even though he may not be under a legal obligation to support them. The law stipulates that "No person shall be considered a dependent, unless he is a member of the family of the deceased employee, or bearing to him the relation of husband or widow, or lineal descendant or ascendant, or brother or sister, or child." Subd. 2 (D).
The mere fact that these two illegitimate children of the wife of the deceased employe were taken into his family and supported *Page 600 
by him did not make them his dependents within the meaning of the Compensation Law. Beard v. Rickert Rice Mills, Inc., et al.,185 La. 55, 168 So. 492. The question then arises as to whether or not these two children were his stepchildren within the meaning of said paragraph (H) of said subsection 2 which defines a child. Obviously, if these children come within the meaning of stepchildren as defined in said paragraph, they would not have to prove dependency as that would be presumed.
It seems to us that the whole tenor and purpose of paragraph (H) of said subsection 2 is to limit compensation to either legitimate children, or children who stand in some legally recognized relationship to the deceased, and when the statute extended the benefit of compensation to the stepchildren of the deceased employe it is evident that the lawmaker intended that these stepchildren should be the children of a previous marriage of the deceased employe's spouse, or at least those children who, if illegitimate, had been acknowledged by such spouse in the same manner as is required of the employe's own illegitimate children before they can recover compensation. It would be an anomalous situation, indeed, to hold that the illegitimate children of a deceased employe's wife were put in such a favored and preferred position over the illegitimate children of the deceased employee. We can hardly believe that the Legislature intended such an unusual situation.
The general definition of stepchild is the child of one of the spouses by a former marriage, and this is the commonly accepted meaning of the term stepchild. The lawmakers must have had this meaning of the term in mind when they used the word stepchildren of the employe as dependents entitled to recover compensation on his death. In this respect we are in accord with the New Jersey Court in the case of Sharp v. Borough of Vineland, 183 A. 911, 14 N.J.Misc. 256, where it was held that the illegitimate children of a deceased employe's surviving spouse were not his stepchildren and entitled to compensation under the compensation law of that state; that stepchild means a child of one's wife by a former marriage.
We are not unmindful of the fact that there are decisions of the courts of other states holding that illegitimate children of the wife of a deceased employe were stepchildren and entitled to recover compensation under the laws of these states, viz., Larsen v. Harris Structural Steel Company, 230 App. Div. 280, 243 N.Y.S. 654; Lunceford v. Fegles Const. Company, 185 Minn. 31,239 N.W. 673; Simpson v. State Compensation Com'r, 114 W. Va. 814,174 S.E. 329. The decisions in those cases were based on the general purpose of the compensation law as affording compensation to dependent members of a deceased employe's family, whereas, under the Compensation Law of this State there is a clear intention to limit compensation to dependents standing in a certain legal relationship to the deceased employe and to exclude illegitimate children unless acknowledged in accordance with certain Codal articles.
For the reasons assigned, it is ordered that the judgment which dismissed plaintiff's suit at her cost be and the same is hereby affirmed. *Page 623