■ In the Matter of the Claim of RUTH LAINE, Respondent, v. RULA CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— *Per Curiam.* Appeal from a board decision affirming the awards of a Referee to the widow and from a board decision that the decedent's stepson was a dependent "within the meaning of the law". The decedent, a maintenance man and building superintendent, was employed in an apartment house where he, his wife and wife's son by a former husband lived in basement quarters furnished as partial remuneration. He was discovered by his wife on the steps or landing of the boiler room of the building suffering from injuries. No medical expert testified on behalf of the appellants at the hearings before the Referee and the appellants state in their brief that the decedent's doctor, "a fully accredited surgeon", found a "'direct connection between the injury and the death.'" The decedent said to his wife "that he slipped, and when he slipped he went right down against the motor of the boiler" and that "he managed to pull himself back on that first level." As to what caused him to slip, "He said there must have been some grease." He told his wife "that he reached for the light and when he did he just skidded and went right down into the pit". He also said that he had gone to the boiler room "to check the oil." The widow testified that taking care of the boiler was a task which he performed every night and added "he worked all day, but before he went to bed at night he went to clean the boiler". She testified also that the windows of the boiler room were "dirty" and the boiler's base was "deep down" in the pit. She also stated: "You

cannot work on the boiler without the light on" and that to check the oil it was necessary "to reach over for the light" and "to put the light on." At the time she discovered her husband there were "skid marks where he slipped" which she described as "What you make with a heel if you give a slip quick." She saw "the skid marks on the floor * * * where he slipped right down across the floor." The employer's report of injury states that when the accident occurred the employee was "About to work on oil burner", that the accident occurred in the "Boiler Room" and, as to how the accident was sustained, that the employee "Slipped and fell on steps leading down to boiler while putting on light." The employer's report, containing the detailed and considered admissions hereinbefore quoted, may, in addition to the circumstantial evidence adduced, be regarded as further corroboration of the decedent's hearsay declarations (*Matter of Webster* v. *Mason*, 13 A D 2d 355, 358) as well as some evidence of the occurrence (*Matter of Hoffman* v. *Grain Handling Co.*, 7 A D 2d 675, mot. for lv. to app. den. 5 N Y 2d 709). As the decedent's declarations concerning the narrated accidental occurrence are corroborated by "circumstances" and "other evidence" (Workmen's Compensation Law, § 118), we think the board acted within the purview of its fact-finding power and on substantial evidence in stating "the record is clear that the accident did happen and it arose out of the employment." We consider now the dependency of the stepchild. He was born in 1945. His mother married the decedent in 1947 and testified that the decedent had "taken care of Bobby ever since." The decedent, she said, furnished all of his stepson's support and "maintained a home for him" including "food, clothes and medical bills." He was "the only father the child ever had." The stepson collected $11 weekly from social security throughout childhood as the result of the death of his natural father. We think the evidence of dependency, having in mind the decedent's contribution and the relative paucity of the weekly payments (cf. *Matter of Markidis* v. *American Airlines*, 21 A D 2d 927), was substantial and that the board acted within the purview of its discretionary power in finding the stepson to be a dependent. And the law is clear that the child of a wife sired by a father other than the husband may be a dependent of the husband (Workmen's Compensation Law, § 2, subd. 11; *Matter of Larsen* v. *Harris Structural Steel Co.*, 230 App. Div. 280; *Matter of Thompson* v. *Chemical Rubber Prods. Co.*, 20 A D 2d 624). Decisions affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.