**B. B. on Behalf of A. L. B.,**
**Plaintiff-Appellant,**

v.

**Richard S. SCHWEIKER, Secretary of**
**Health and Human Services,**
**Defendant-Appellee.**

**No. 79–3539.**

United States Court of Appeals,
Fifth Circuit.
Unit B

April 27, 1981.

Groover & Childs, Denmark Groover, Jr., Macon, Ga., for plaintiff-appellant.

S. Elizabeth Conlin, Asst. U. S. Atty., Macon, Ga., for defendant-appellee.

Before GODBOLD, Chief Judge, and HATCHETT, Circuit Judge, and MARKEY *, Chief Judge.

GODBOLD, Chief Judge:

Mrs. B appeals from the judgment of the district court affirming the Secretary's denial of surviving child's insurance benefits, 42 U.S.C. § 402(d)(1), to her child, A. *B–B v. Califano*, 476 F.Supp. 970 (M.D.Ga.1979).

Mrs. B's deceased husband, Mr. B, is the wage earner through whom A claims benefits. Although A was born during Mrs. B's marriage to Mr. B, it is undisputed that A is not his child. A was conceived while Mr. B was in military service overseas. Mrs. B concedes that the child is illegiti-

* Chief Judge of the United States Court of Customs and Patent Appeals, sitting by designation.

mate. The issue before us is whether A is a stepchild within the meaning of the Social Security Act. We hold that the child is not a stepchild and therefore not entitled to benefits.

Mr. and Mrs. B continued to live together as husband and wife after A's birth. Mrs. B testified that her husband raised and supported A and presented A publicly as his child. In divorce papers filed several years later, Mr. B acknowledged A as his child and agreed to support A. (The divorce was abandoned because Mr. and Mrs. B were reconciled.)

A may be entitled to benefits if she is the deceased wage earner's child or stepchild, 42 U.S.C. §§ 402(d)(1), 416(e). The district court upheld the ruling of the administrative law judge and the agency's Appeals Council that A is neither the wage earner's child nor his stepchild. *B–B v. Califano*, 476 F.Supp. 970 (M.D.Ga.1979). The only question presented to us is whether A is the wage earner's stepchild within the meaning of the statute.[1]

42 U.S.C. § 402(d)(1) provides that every qualifying child of an insured individual shall be entitled to child's insurance benefits. 42 U.S.C. § 416(e) provides that "child" means "the child or legally adopted child of an individual . . . [and] a stepchild."

An initial question concerns choice of law for a definition of "stepchild." 42 U.S.C. § 416(h)(2)(A) directs us to define "child" with reference to state law governing the devolution of intestate personal property.[2]

Because stepchildren in Georgia, Mr. B's domicile, do not share in intestate distribution, *see* Ga.Code.Ann. § 113–903, Georgia intestacy law says little about who is a stepchild, and we have found no Georgia cases considering the problem posed here, and few cases from other jurisdictions.

We find nothing in the statutory history of the Social Security Act that illuminates Congress's understanding of the term "stepchild." The applicable regulations offer little more guidance. 20 C.F.R. § 1109(b), in effect when Mrs. B filed A's claim, provided:

> the term "stepchild" means a claimant who . . . is the stepchild of the individual upon whose wages and self-employment income his application is based by reason of a valid marriage of his parent . . . or adopting parent with such individual.

Both the ALJ and the district court concluded that § 1109 implicitly contemplates that a child may become a stepchild only when its parent marries the purported stepparent after its birth, thus excluding the children of adulterous relationships.[3] The district court recognized that the statute and regulation did not forthrightly address the present situation but felt constrained to give "stepchild" its normal meaning. The district court noted several definitions in legal dictionaries defining "stepchild" as one's spouse's child by a *prior* marriage. 476 F.Supp. at 974 n. 3.

We recognize that legal dictionaries offer general definitions, not universal ones. *Cf.*

---

**1.** Appellant does not suggest that excluding the illegitimate child of an adulterous relationship from the definition of "stepchild" may pose a constitutional equal protection problem. Mrs. B does not appeal the district court's decision that there was no equitable adoption.

**2.** 42 U.S.C. § 416(h)(2)(A) provides:
In determining whether an applicant is the child or parent of a fully or currently insured individual for purposes of this subchapter, the Secretary shall apply such law as would be applied in determining the devolution of intestate personal property by the courts of the State in which such insured individual is domiciled at the time such applicant files application, or, if such insured individual is dead, by the courts of the State in which he

was domiciled at the time of his death, or, if such insured individual is or was not so domiciled in any State, by the courts of the District of Columbia. Applicants who according to such law would have the same status relative to taking intestate personal property as a child or parent shall be deemed such.

**3.** This regulation has been superseded by 20 C.F.R. § 404.357, which became effective June 15, 1979. The new regulation provides: "You may be eligible for benefits as the insured's stepchild if, after your birth, your natural or adopting parent married the insured." The new regulation is thus clearer than the old in requiring the stepparent's marriage to the parent to follow the birth of the stepchild.

*Lunceford v. Fegles Construction Co.*, 185 Minn. 31, 239 N.W. 673 (1931). For instance, the dictionary definitions comprehend only the children of former *marriages*, whereas many jurisdictions recognize that an illegitimate child may be a stepchild to a person the parent subsequently marries. *E. g., U. S. Fire Insurance Co. v. City of Atlanta*, 135 Ga.App. 390, 217 S.E.2d 647 (1975) (worker's compensation statute); *Lipham v. State*, 125 Ga. 52, 53 S.E. 817 (1906) (incest); *Pigford Brothers Construction Co. v. Evans*, 225 Miss. 411, 83 So.2d 622 (1955) (worker's compensation); *Nation v. Esperdy*, 239 F.Supp. 531 (S.D.N.Y.1965) (immigration statute provides that one may be a stepchild whether or not born out of wedlock). Some jurisdictions accord "stepchild" a broader meaning in determining entitlement to benefits than the term is given in general parlance, including even adulterine children. *Compare McClure v. Hackney*, 491 S.W.2d 177 (Tex.Civ.App.1973) (wife is "stepmother" of adulterous husband's illegitimate child within the meaning of state Aid to Families with Dependent Children statute) *and Hernandez v. Supreme Forest Woodmen Circle*, 80 S.W.2d 346 (Tex.Civ. App.1935) (statute authorizing fraternal insurance corporation to pay death benefits to "stepchildren" permits policy to name as beneficiary the illegitimate child of the insured's adulterous husband) *with Smith v. National Tank Co.*, 350 P.2d 539 (Wyo.1960) (illegitimate child of adulterous wife is not husband's "stepchild" within worker's compensation scheme where the husband did not take the child into his household). *See also Matter of Stultz*, Interim Dec. 2401 (AG June 30, 1975) (wife can be stepparent of adulterous husband's illegitimate child for immigration purposes where the three lived as a close family unit).

We agree, putting dictionaries aside, that A is not Mr. B's stepchild as that term is commonly understood. Moreover, a 1966 administrative ruling states that the child of an adulterous relationship is not the stepchild of the parent's spouse, even where the purported stepparent accepts and supports the child. Social Security Ruling 66–11. While the agency's ruling does not bind this court, we accord it great respect and deference where the statute is not clear and the legislative history offers no guidance. *See e. g., Seagraves v. Harris*, 629 F.2d 385, 390–91 (5th Cir. 1980). Arguments for granting benefits to children in A's position must be addressed to Congress.

AFFIRMED.