[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 31, 2007
THOMAS K. KAHN
CLERK

No. 07-11364
Non-Argument Calendar

_____

D. C. Docket No. 06-00381-CV-T-TGW

MICHELLE M. MILLER,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 31, 2007)**

Before ANDERSON, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Michelle Miller appeals the judgment affirming the denial of her application

for supplemental security income benefits. Miller argues that the ALJ erred when he relied on the testimony of a vocational expert that there were jobs available within the national economy that accommodated Miller's residual functional capacity without eliciting an explanation from the vocational expert about an alleged "apparent unresolved conflict" between the testimony of the vocational expert and the Dictionary of Occupational Titles, see Social Security Rulings 00-4p. The Commissioner argues that there was no conflict between the testimony of the vocational expert and the DOT, and even if there was a conflict, the testimony of a vocational expert "trumps" the DOT in this Circuit. Jones v. Apfel, 190 F.3d 1224, 1228–29 (11th Cir. 1999). We affirm.

Miller applied for disability insurance benefits in 2003 and alleged she became disabled on January 13, 2002, as a result of multiple sclerosis, lower back pain, numbness and tingling in her left side, depression, anxiety, asthma, chronic obstructive pulmonary disease, and hearing difficulty. After finding that Miller had not engaged in substantial gainful activity since the onset of the alleged disability, had a severe impairment or combination of impairments that did not meet a listed impairment, and was unable to perform her past relevant work, the ALJ relied on the testimony of a vocational expert that other work was available in significant numbers in the national and local economies that Miller was able to

2

perform and determined that Miller was not disabled. The vocational expert opined that Miller could perform jobs such as a charge-account clerk, surveillance system monitor, or scale attendant. Each of the jobs identified by the vocational expert involve a reasoning level of 3 under the DOT. Miller contends that this level of reasoning is inconsistent with the finding of the ALJ that Miller has the residual functional capacity to perform simple, routine, and repetitive work.

We review a social security appeal to determine whether the decision of the ALJ is supported by substantial evidence and whether the ALJ applied the correct legal standards. See 42 U.S.C. § 405(g); Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is "such relevant evidence as the reasonable mind might accept as adequate to support a conclusion." Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982). We review de novo the decision of the district court regarding whether substantial evidence supports the findings of the ALJ. Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002).

An ALJ may rely solely on the testimony of a vocational expert in determining whether work is available in significant numbers in the national economy that a claimant is able to perform. See Jones, 190 F.3d at 1230. For the testimony of a vocational expert to constitute substantial evidence, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."

3

Id. at 1229. If there is a conflict between the DOT and the jobs identified by a vocational expert in response to the hypothetical question, the testimony of the vocational expert "trumps" the DOT. Id. at 1229–30.

Miller argues that, after our decision in Jones, the Commissioner published a ruling explaining that where a conflict exists between the DOT and the testimony of a vocational expert, neither automatically trumps the other. Specifically, the ruling provided that

> [w]hen there is an apparent unresolved conflict between [vocational expert] evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the [vocational expert] evidence to support a determination or a decision about whether the claimant is disabled . . . . Neither the DOT nor the [vocational expert] evidence automatically 'trumps' when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the [vocational expert] is reasonable and provides a basis for relying on the [vocational expert] testimony rather than on the DOT information.

Social Security Rulings 00-4p. "Social Security Rulings are agency rulings 'published under the authority of the Commissioner of Social Security and are binding on all components of the Administration.'" Sullivan v. Zebley, 493 U.S. 531, 530 n.9, 110 S. Ct. 885, 891 n.9 (1990) (quoting 20 C.F.R. § 422.408 (1989)).

The Commissioner correctly responds that agency rulings "do[] not bind this [C]ourt." See B. B. v. Schweiker, 643 F.2d 1069, 1071 (5th Cir. Unit B Apr. 1981). "'Rulings do not have the force and effect of the law or regulations but are

4

to be relied upon as precedents in determining other cases where the facts are basically the same. A ruling may be superceded, modified, or revoked by later legislation, regulations, court decisions or rulings.'" Heckler v. Edwards, 456 U.S. 870, 874 n.3, 104 S. Ct. 1532, 1535 n.3 (1984) (quoting Social Security Rulings iii (C.E. 1981)).

Even assuming that an inconsistency existed between the testimony of the vocational expert and the DOT, the ALJ did not err when, without first resolving the alleged conflict, he relied on the testimony of the vocational expert. Our precedent establishes that the testimony of a vocational expert "trumps" an inconsistent provision of the DOT in this Circuit. See Jones, 190 F.3d at 1229–30. Because the decision of the ALJ denying Miller disability benefits is supported by substantial evidence, we affirm.

The judgment of the district court is

**AFFIRMED.**