[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16033
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 6, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00322-CV-FTM-29-DNF

JOYCE L. KLAWINSKI,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 6, 2010)

Before TJOFLAT, CARNES and FAY, Circuit Judges.

PER CURIAM:

In this case, Joyce L. Klawinski, the claimant, sought review in the district

court of the Commissioner's denial of her application for disability insurance

benefits ("DIB"), 42 U.S.C. §§ 405(g), 1383(c)(3).[1]  The review was conducted by

a magistrate judge with the parties' consent.  *See* 28 U.S.C. § 636(c).  The

magistrate judge affirmed the Commissioner's decision, and Klawinski now

appeals, presenting three arguments: (1) substantial evidence does not support the

findings of the administrative law judge ("ALJ") that her past relevant work was

sedentary in nature and that she could perform her past relevant work; (2) the ALJ

contravened Social Security Ruling ("SSR") 83-20 by failing to obtain a medical

expert during the hearing to determine her disability onset date; and (3) substantial

evidence, in the form of medical evidence and factors such as her daily activities

and the side effects from her medications, does not support the ALJ's adverse

credibility finding which discounted her subjective pain testimony.

Our review in this appeal is "demarcated by a deferential reconsideration of

the findings of fact and exacting examination of the conclusions of law."  *Martin v.*

*Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  The Commissioner's factual

findings are conclusive if "supported by substantial evidence," but the

"[Commissioner's] conclusions of law, including applicable review standards, are

[1]  Klawinski's application was heard before an administrative law judge and denied.  The Appeals Council denied Klawinski's request for review; thus, the administrative law judge's decision became the final decision of the Commissioner.

not presumed valid." *Id.* (quotation omitted). Substantial evidence is "more than a scintilla, but less than a preponderance," in that "it is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (alterations and citation omitted).

The Social Security regulations provide a five-step sequential evaluation process for determining if a claimant has proven that she is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. At the first step, the claimant must prove that she has not engaged in substantial gainful activity. At the second step, she must prove that she has an impairment or combination of impairments that is severe. If, at the third step, she proves that her impairment or combination of impairments meets or equals a listed impairment, she is automatically found disabled regardless of age, education, or work experience. If she cannot prevail at the third step, she must proceed to the fourth step where she must prove that she is unable to perform her past relevant work. If the claimant is unable to perform past relevant work, the case proceeds to the fifth and final step of the evaluation process for a determination of whether, in light of her residual functional capacity, age, education, and work experience, the claimant can perform other work. *Id.*

I.

Klawinski argues that the ALJ erred in misclassifying her past secretarial

3

work as sedentary when her specific duties in the family business actually involved light level of exertion. She asserts that her past work was a "composite job," consisting of duties of a secretary, office manager, and clerk, because her past position required her to stand and walk for more than four hours in an eight-hour workday, pick up parts and deliver them to job sites, and work in the showroom. She contends that the ALJ erred in only focusing on the less strenuous portion of her past relevant work and subsequently in determining that she could still perform those duties. She also contends that her composite position differs from the Dictionary of Occupational Titles's ("DOT") definition of a "secretary," and, thus, the ALJ erred in finding that she could still work as a secretary as such position is generally performed in the national economy.

As noted above, if the claimant has a severe impairment that does not equal or meet the severity of a listed impairment, the case proceeds to the fourth step of the sequential evaluation process and the claimant's RFC is compared with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. § 404.1520(f). If it is found that the claimant can still perform her past relevant work, the claimant is not disabled. *Id.*

To determine the occupational exertion requirements in the national economy, jobs are classified as sedentary, light, medium, heavy, and very heavy.

4

20 C.F.R. § 404.1567. Sedentary work involves (1) lifting no more than ten pounds at a time, (2) predominantly sitting, and (3) occasionally standing and walking. *Id.* § 404.1567(a). Social Security Ruling 83-10 elaborates that "periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday." *Kelley v. Apfel*, 185 F.3d 1211, 1213, n.2 (11th Cir. 1999). Light work requires lifting no more than 20 pounds and frequently carrying 10 pounds, and a "good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). To be considered capable of performing a full or wide range of light work, a claimant must have the ability to do substantially all of the listed activities under 20 C.F.R. § 404.1567(b). *Id.*

The DOT classifies a "secretary" as sedentary in nature, with the following duties:

> Schedules appointments, gives information to callers, takes dictation, and otherwise relieves officials of clerical work and minor administrative and business detail: Reads and routes incoming mail. Locates and attaches appropriate file to correspondence to be answered by employer. Takes dictation in shorthand or by machine.

DOT Title 201.362-030. The DOT also defines the position of an "office manager" as sedentary, which includes the following duties:

5

Coordinates activities of clerical personnel in establishment or organization: Analyses and organizes office operations and procedures, such as typing, bookkeeping, preparation of payrolls, flow of correspondence, filing, requisition of supplies, and other clerical services. Evaluates office production, revises procedures, or devises new forms to improve efficiency of workflow. Establishes uniform correspondence procedures and style practices. Formulates procedures for systematic retention, protection, retrieval, transfer, and disposal of records. Plans office layouts and initiates cost reduction programs. Reviews clerical and personnel records to ensure completeness, accuracy, and timeliness. Prepares activities reports for guidance of management, using computer. Prepares employee ratings and conducts employee benefit and insurance programs, using computer. Coordinates activities of various clerical departments or workers within department. May prepare organizational budget and monthly financial reports. May hire, train, and supervise clerical staff. May compile, store, and retrieve managerial data, using computer.

DOT Title 169.167-034.

To support a finding that the claimant is able to return to her past relevant work, the ALJ must (1) consider all the duties of that work and (2) evaluate the claimant's ability to perform them in spite of her impairments. *Lucas v. Sullivan*, 918 F.2d 1567, 1574 n.3 (11th Cir. 1990). The burden is on the claimant to show that she can no longer perform her past relevant work as she actually performed it, or as it is performed in the national economy. *Jackson v. Bowen*, 801 F.2d 1291, 1293-94 (11th Cir. 1986) (rejecting the claimant's assertion that he could not specifically perform his past job, which required him to climb and descend stairs, because he failed to show that the position in general required climbing and

6

descending stairs).  Specifically, "[t]he regulations require that the claimant not be able to perform his past *kind* of work, not that he merely be unable to perform a specific job he held in the past."  *Id.* at 1293 (citing 20 C.F.R. §§ 404.1520(e), 416.920(e) (1986)).  Accordingly, where the claimant's specific prior job might have involved functional demands and duties significantly in excess of those generally required for such work by employers in the national economy, the claimant must still demonstrate that, in addition to being unable to perform the excessive functional demands actually required by her former job, she cannot perform the functional demands and job duties of the position as generally required by employers nationwide.  SSR 82-61 (1982).

We conclude that substantial evidence supports the ALJ's findings that (1) Klawinski's past relevant work involved only a sedentary level of exertion, and (2) she failed to meet her burden to show that she could not perform her past relevant work.

## II.

Klawinski argues that the ALJ erred in failing to comply with SSR 83-20 in not calling a medical expert to the hearing to assess her RFC during the relevant period, especially because the record did not contain any medical determination of her RFC by the agency.  She asserts that SSR 83-20 applies because the ALJ was

required to determine retroactively whether she was disabled before the last insured date of December 31, 2004, as well as the onset date of her disability. Noting that we have not addressed the issue, she cites out-of-circuit law to address the issue of whether a medical advisor's testimony is necessary where an ALJ must retroactively determine a claimant's disability in the past and where the onset date is ambiguous. She submits that SSR 83-20 particularly applies to a slowly progressive disorder such as her knee condition.

Social Security Rulings are agency rulings published under the Commissioner's authority and are binding on all components of the Administration. *Sullivan v. Zebley*, 493 U.S. 521, 531 n.9, 110 S.Ct. 885, 891 n.9, 107 L.Ed.2d 967 (1990). Even though the rulings are not binding on us, we should nonetheless accord the rulings great respect and deference, if the underlying statute is unclear and the legislative history offers no guidance. *B. ex rel. B. v. Schweiker*, 643 F.2d 1069, 1071 (5th Cir. Unit B Apr. 1981).

Social Security Ruling 83-20 states, in relevant part, that:

> In addition to determining that an individual is disabled, the decisionmaker must also establish the onset date of disability. In many claims, the onset date is critical; it may affect the period for which the individual can be paid and may even be determinative of whether the individual is entitled to or eligible for any benefits.

SSR 83-20. Further, SSR 83-20 defines the onset date of disability as "the first day

8

an individual is disabled as defined in the Act and the regulations." There are two situations where the ruling suggests the need for the ALJ to call a medical advisor during a hearing: (1) where it may be possible, based on medical evidence, to "reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination"; and (2) in terms of a malignant neoplastic disease, "[t]o establish onset of disability prior to the time a malignancy is first demonstrated to be inoperable or beyond control by other modes of therapy." *Id.*

We conclude that the ALJ did not contravene SSR 83-20 because the ALJ ultimately found that Klawinski was not disabled, and SSR 83-20 only required the ALJ to obtain a medical expert in certain instances to determine a disability onset date after a finding of disability.

III.

Klawinski argues that the ALJ's refusal to credit her testimony regarding pain and other symptoms she said she suffered is unsupported by substantial evidence. Specifically, Klawinski asserts that the following items of medical evidence in the record refute the ALJ's finding discounting her back pain: (1) an MRI report of her lumbar spine on May 16, 2003, which showed degenerative disc disease, disk bulging, and osteoarthritic changes, and (2) an MRI report on

9

April 11, 2005, which showed, among other things, lumbar spondylosis, multilevel disc bulges, canal stenosis, facet arthropathy, and foraminal narrowing. This showed that her back problems began before December 31, 2004, her last insured date. Next, responding to the ALJ's finding that she was not debilitated to the point of being unable to perform daily activities, Klawinski contends that she did not have to show an inability to "perform *any* daily activities" to establish disability. She asserts, moreover, that the ALJ erred in failing to consider the entire record, which indicates that (1) she was in too much pain to perform housekeeping tasks such as doing laundry; (2) she hired a housekeeper to do most of the cleaning; and (3) she was limited in terms of activities such as cooking, shopping, and driving. She claims that the ALJ wrongly discredited her pain testimony by citing her ability to perform sporadic and limited household chores, as they do not preclude the presence of debilitating pain. Finally, she submits that medical literature confirms that the various pain medications she was taking could result in the side effects she experienced, and, thus, the ALJ erred in rejecting her subjective complaints of those side effects.

We apply a three-part pain standard when a claimant seeks to establish disability through her own testimony regarding pain or other subjective symptoms. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). The pain standard

requires:

> (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Id.* The Commissioner "must consider a claimant's subjective testimony of pain" if the claimant satisfies the three-part test. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

If the record shows that the claimant has a medically determinable impairment that could reasonably be expected to produce her symptoms, such as pain, the ALJ must then evaluate the intensity and persistence of the symptoms so that he can determine how the symptoms limit the claimant's capacity for work. 20 C.F.R. § 404.1529(c)(1). In making this evaluation, the ALJ considers all of the record, including the objective medical evidence, the claimant's history, and statements by the claimant and her doctors. *Id.* The ALJ also considers factors such as the claimant's daily activities, the effectiveness and side effects of her medications, precipitating and aggravating factors, and other treatments and measures that she has taken to relieve the symptoms. *Id.* § 404.1529(c)(3). "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Foote*, 67 F.3d at 1561-62. "A clearly

11

articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Id.* at 1562. If the ALJ fails to articulate the reasons for discrediting subjective testimony, the testimony is accepted as true. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002).

Substantial evidence supports the ALJ's discounting of Klawinski's subjective pain testimony as unsupported by objective medical evidence and by factors such as her daily activities and the side effects of her medications.

In conclusion, we find no basis in Klawinski's arguments for setting aside the district court's decision. It is, accordingly,

AFFIRMED.