[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14454
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 19, 2011
JOHN LEY
CLERK

D.C. Docket No. 0:09-cv-61470-DLG

MICHAEL A. JONES,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 19, 2011)

Before BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Michael A. Jones appeals the district court's order affirming the administrative law judge's ("ALJ") denial of his application for supplemental security income ("SSI") benefits, pursuant to 42 U.S.C. § 1383(c)(3). After review, we affirm.

The Social Security regulations establish a five-step sequential evaluation to determine whether an SSI claimant is disabled. In the first four steps, the ALJ considers: (1) whether the claimant is engaged in "substantial gainful activity"; (2) if not, whether the claimant's impairment or combination of impairments is "severe"; (3) if so, whether the claimant's impairment meets or medically equals a listed impairment; and (4) if not, whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 416.920(a)(4)(i)-(iv), (b)-(f). At the fifth step, the burden temporarily shifts to the Commissioner to show that, in light of the claimant's RFC, age, education and work experience, the claimant "can make an adjustment to other work" that exists in significant numbers in the national economy. Id. §§ 416.920(a)(4)(v) & (g), 416.960(c); see also Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999)

On appeal, Jones does not challenge the ALJ's findings as to the first four steps. Jones's sole contention is that the ALJ erred in relying on a vocational expert's ("VE") testimony to find, at the fifth step, that jobs existed in the national

economy that Jones could perform.  Specifically, Jones argues that the ALJ could not rely on the VE's testimony because it conflicted with the Dictionary of Occupational Titles ("DOT").[1]

At the fifth step, the ALJ can "take administrative notice of reliable job information available from various governmental and other publications," such as the DOT, which is published by the Department of Labor.  20 C. F.R. § 416.966(d).[2]  The ALJ can also use a VE.  See id. § 416.966(e); see also Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995).  If the claimant's RFC precludes him from performing a full range of work at a particular exertional level (i.e., sedentary, light or medium work) or if the claimant is subject to nonexertional limitations, the ALJ ordinarily will consult a VE.  Jones, 190 F.3d at 1229.  If the ALJ consults a VE, the VE's testimony will constitute substantial evidence if the ALJ "pose[s] a hypothetical question which comprises all of the claimant's impairments."  Id.  The VE need not rely on any specific set of materials to support

---

[1]Jones also argues that the ALJ's reliance on the VE's testimony violated the Administrative Procedures Act and his constitutional due process rights.  We do not consider these arguments, however, because they were not raised in the district court.  See Jones, 190 F.3d 1228 (explaining that a claimant waives arguments not raised in the district court).

[2]The agency's classification of "sedentary" and "light" exertional levels are the same as those used in the DOT.  20 C.F.R. § 416.967.  Sedentary work involves lifting no more than ten pounds at a time, with occasional lifting or carrying of small articles, and occasional walking or standing. Id. § 416.967(a).  Light work involves lifting no more than twenty pounds at a time, with frequent lifting and carrying of objects weighing up to ten pounds, and a good deal of walking, standing or sitting and manipulating arm and leg controls.  Id. § 416.967(b).

his conclusions.  See id. at 1229-30 (involving a VE who based his conclusions on a personal survey, contact with employers and a survey of literature).

Although the DOT "provides occupational information on jobs in the national economy" it "is not comprehensive" nor "the sole source of admissible information concerning jobs."  Jones, 190 F.3d at 1230 (quotation marks omitted).  As a result, an ALJ consulting the DOT "should supplement the DOT data with local information detailing jobs in the regional community."  Id.  Furthermore, "when the VE's testimony conflicts with the DOT, the VE's testimony 'trumps' the DOT."  Id. at 1229-30.[3]

Here, in response to the ALJ's hypothetical question containing Jones's impairments, the VE stated that such an individual would be limited to sedentary work and identified three examples of sedentary jobs that could be performed: (1) toll ticket taker, for which there were 701 positions in the regional economy and 100,000 positions nationally; (2) bench assembly worker, for which there were 7,245 positions in the regional economy and 1 million nationally; and (3) cashier, for which there were 10,941 positions in the regional economy and 2 million positions nationally.  As to the cashier position, the VE explained that the DOT

_____

[3]We review the agency's legal conclusions de novo and its factual findings to determine whether they are supported by substantial evidence.  Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1260 (11th Cir. 2007).

listed it as "light," but that at least half of those positions actually would be sedentary. The VE stated that he obtained his information from the DOT, The Occupational Outlook Handbook and CompuBusiness Patterns. The ALJ asked the VE to identify and explain any inconsistencies between his responses and the information in the DOT. The VE responded that his answers were consistent with the DOT.

Based on this testimony, the ALJ found, at step five, that there were jobs in the national economy to which Jones could adjust. The ALJ noted that the VE qualified his answer with respect to the cashier position by noting that he believed at least half of these positions were sedentary. The ALJ found that, "[p]ursuant to SSR 00-4p," the VE's testimony was consistent with the DOT. Accordingly, the ALJ concluded that Jones was not disabled and not entitled to SSI benefits.

Jones emphasizes that the three jobs the VE described as sedentary work are classified by the DOT as light work. See Dep't of Labor, Dictionary of Occupational Titles, §§ 211.462-010 (cashier II), 211.462-038 (toll collector), 706.684-022 (bench assembler) (rev. 4th ed. 1991). This fact does not necessarily mean that the VE's testimony was inconsistent with the DOT. For example, the VE explained that, although the DOT classified the cashier position as light work, in his experience, about half of those jobs were sedentary work. The DOT

provides descriptions of occupations, not of the numerous jobs within those occupations, and the VE "may be able to provide more specific information about jobs or occupations than the DOT." Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704 (Dec. 4, 2000).

Even assuming arguendo that the ALJ incorrectly found that the VE's testimony was consistent with the DOT, such error was harmless. See Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir. 1983) (applying harmless error analysis to ALJ's incorrect statements that were irrelevant to whether claimant had a severe impairment). In this Circuit, a VE's testimony trumps the DOT to the extent the two are inconsistent. See Jones, 190 F.3d 1229-30. The VE opined that the ALJ's hypothetical person could perform these three jobs. The ALJ was permitted to base his findings about these three jobs exclusively on the VE's testimony, irrespective of any inconsistency with the DOT, and was not required to seek further explanation. See id.[4]

_____

[4]Jones cites SSR 00-4p, which provides that "[n]either the DOT nor the [VE's testimony] automatically 'trumps'" and instructs the ALJ to "elicit a reasonable explanation" for a conflict between the two before relying on the VE's testimony. SSR 00-04p, 2000 WL 1898704 (Dec. 4, 2000). Social Security Rulings are not binding on this Court. See B.B. v. Schweiker, 643 F.2d 1069, 1071 (5th Cir. Unit B Apr. 1981); see also Stein v. Reynolds Sec., Inc., 667 F.2d 33, 34 (11th Cir. 1982) (providing that we are bound by decisions issued by Unit B panels of the former Fifth Circuit). To the extent SSR 00-4p conflicts with Jones, we are bound by Jones. Furthermore, the ALJ arguably discharged his duty under SSR 00-04p by asking the VE about inconsistencies with the DOT, and then noting in his decision that the VE had explained that over half the cashier positions the DOT classified as light work were actually sedentary work.

Jones does not argue that the ALJ's hypothetical question to the VE failed to include all of his impairments. Accordingly, the VE's testimony as to the existence of work in the national economy is substantial evidence supporting the ALJ's finding at step five.

**AFFIRMED.**